## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLYNN et al, | : |
| Plaintiffs, | : |
| v. | : Case No. 1:08-cv-00222-HHK |
| ANGELO MONARCA, INC. et al | : |
| Defendants. | : |
| | : March 28, 2008 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### I.    INTRODUCTION

On or about February 8, 2008, Plaintiffs filed their Complaint ("Complaint"), alleging that Angelo Monarca executed collective bargaining agreements "Agreements" on behalf of Angelo Monarca Inc. and attached said Agreements as Exhibit A and B. See ¶9 of Plaintiff's Complaint and Attached Exhibits A and B. Plaintiffs allege that pursuant to the Agreements, Angelo Monarca, Inc. agreed to make certain payments to the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and the International Masonry Institute ("IMI"). Plaintiffs allege that "Upon information and belief,

the corporate status of Angelo Monarca, Inc. has been dissolved." <u>See</u> Complaint at ¶15.   Plaintiffs allege that "Upon information and belief, Angelo Monarca has continued to carry on the business of Angelo Monarca, Inc. beyond that necessary to wind up its affairs, by doing business as Angelo Monarca Contracting, LLC. Accordingly, Plaintiffs allege that Angelo Monarca is personally liable for the debts of Angelo Monarca, Inc." <u>See</u> Complaint at ¶16.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The corporate status of Angelo Monarca, Inc. has not been active since 1994, and its Certificate of Dissolution was recorded by the Secretary of the State of Connecticut on July 14, 2000.  <u>See</u> Exhibit A.  Furthermore, the Plaintiffs were notified in 2003 that they were incorrectly crediting dues to Angelo Monarca, Inc., the dissolved company, rather than to Angelo Monarca Contracting, LLC. <u>See</u> Exhibit B.  Although the Plaintiffs allege that Defendant Angelo Monarca signed the Agreements on behalf of Angelo Monarca, Inc., the very exhibits Plaintiffs attached to their complaint contradict this claim, in that they were signed by Angelo Monarco on behalf of Angelo Monarca Contracting, LLC.  <u>See</u> Plaintiffs' Exhibits A and B to their Complaint, relevant signature pages excerpted and attached hereto as Exhibits C and D.

2

### III.   LEGAL ANALYSIS

#### A.   Angelo Monarca Contracting, LLC is not the alter ego of Angelo Monarca, Inc., so Plaintiffs cannot pierce the corporate veil and have therefore failed to state a claim against Angelo Monarca, Inc. under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To pierce the corporate veil for jurisdictional purposes, Plaintiffs have the difficult burden of proving alter ego status between the two companies. AGS Int'l Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64 (D.D.C. 2004). "A plaintiff must show by affirmative evidence that two elements have been satisfied:

> (1) is there such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist?; and
>
> (2) if the acts are treated as those of the corporation alone, will an inequitable result follow?"

Id at 89-91.[1]  Whether one corporation is the alter ego of another is a question of law to be decided by the court. Material Supply Int'l v. Sunmatch Indus. Co., 62 F. Supp. 2d 13 at 13 (D.D.C. 1999).

In determining the whether a unity of interest exists for alter ego status, a court measures "the nature of the corporate ownership and control; failure to maintain corporate minutes or records; failure to maintain corporate formalities; commingling of funds and assets; diversion of one corporation's funds to the other's uses; and use of the same office or business location." AGS Int'l Servs. S.A., 346 F. Supp. 2d at 90.  Plaintiffs allege that, while admitting that the

---

[1] See also Material Supply Int'l v. Sunmatch Indus. Co., 62 F. Supp. 2d 13, 19-24 (D.D.C. 1999) (same); Diamond Chem. Co. v. Atofina Chem., Inc., 268 F. Supp. 2d 1, 7 (D.D.C. 2003) (same).

corporate status of Angelo Monarca, Inc. is a dissolved entity, Angelo Monarca
continued to carry on its business beyond that necessary to wind up its affairs.
See ¶ 15 of the Complaint. However, the only evidence Plaintiffs submit to
support this allegation is a conclusory statement; "Defendant Angelo Monarca,
Inc., upon information and belief d/b/a Angelo Monarca Contracting LLC, is, at
all times hereinafter mentioned was, a company maintaining offices and
conducting business in the state of Connecticut." See ¶ 6 of the Complaint.
Plaintiffs have submitted no evidence in support of this allegation, and to the
contrary, have submitted evidence refuting this allegation. See Plaintiffs' Exhibits
A and B to their Complaint, relevant signature pages excerpted and attached
hereto as Exhibits C and D. There is no evidence that corporate formalities have
not been respected or evidence of any other basis for piercing the corporate veil.
See AGS Int'l Servs. S.A., 346 F. Supp. 2d at 89-91. Again, to the contrary, the
Defendants have provided evidence to the Plaintiffs both prior to the instant
action and again attached hereto that appropriate corporate formalities have in fact
been observed. See Exhibits A and B. Likewise, there is no evidence that Angelo
Monarca Contracting, LLC "dominated" Angelo Monarca, Inc. and negated its
separate corporate personality. Id. Therefore, Plaintiffs have no viable claim
against Angelo Monarca, Inc. or Angelo Monarca, Inc. d/b/a Angelo Monarca
Contracting LLC.

**B. Since the corporate veil cannot be pierced, the Court cannot assert personal jurisdiction over Angelo Monarca under Rule 12(b)(2) of the Federal Rules of Civil Procedure.**

Plaintiffs appear to be attempting to pierce the corporate veil to assert a claim against Angelo Monarca, individually. Corporate officers and shareholders do not fall within ERISA's definition of "employer", and thus cannot be held personally liable for a corporation's ERISA obligations by virtue of their relationship to the corporate employer alone. See Connors v. P & M Coal Co., 255 U.S. App. D.C. 334, 801 F.2d 1373, 1378 (D.C. Cir. 1986) (noting that this exception "does not mean that individuals who abuse their positions of control or who attempt to misuse the corporate form are immune from responsibility for their acts"). Id. Considerations of justice and equity justify piercing the corporate veil and finding the corporation's officers or shareholders to be alter egos of the corporate entity when there is a unity of ownership and interest. Vuitch v. Furr, 482 A.2d 811, 815-16 (D.C. 1984). "Unity of interest and ownership can . . . be demonstrated by showing domination and control of a corporation, as in a parent-subsidiary relationship or in a closely held corporation." Id. Individuals or other entities may be held liable for the activities of a corporation when it is demonstrated that "the corporation is not only controlled by those persons [who are alleged alter egos of the corporation], but also that the separateness of the persons and the corporation has ceased and . . . an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice." Camacho v. 1440 Rhode Island Ave. Corp., 620 A.2d 242, 249 (D.C. 1993) (internal quotation

omitted); see also Bingham v. Goldberg, Marchesano, Kohlman, Inc., 637 A.2d
81, 93 (D.C. 1994). "A court will look to three factors in determining whether to
pierce the corporate veil: (1) the respect paid by the individuals to the corporate
identity; (2) the fraudulent intent of the principals; and (3) the degree of injustice
that would be visited on the litigants by recognizing the corporate identity."
Accord United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1092-93
(1st Cir. 1992) (Breyer, Selya and Cyr, JJ.).

In the instant case, Plaintiffs have failed to assert any facts that indicate that
Angelo Monarca failed to respect the corporate entity, and to the contrary, the
evidence shows that Angelo Monarca has diligently respected the corporate entity
as its officer by properly closing out and dissolving Angelo Monarca, Inc.  See
Exhibit A.  Furthermore, although all business activity of Angelo Monarca, Inc.
had ceased in 1994, Angelo Monarca only dissolved Angelo Monarca, Inc.
officially in 2000, after resolving outstanding debts owed by the company. See
Exhibit B.  Plaintiffs have also failed to assert any facts alleging that Angelo
Monarca exhibited a fraudulent intent.   See the Complaint in its entirety.
Furthermore, Plaintiffs have not shown any inequitable result or injustice would
occur by the court recognizing the indisputable separate identity of Angelo
Monarca, individually, Angelo Monarca,  Inc. and Angelo Monarca Contracting
LLC. See Exhibits A and E.

Since the Plaintiffs cannot pierce the corporate veil with respect to their claim
against Angelo Monarca, Inc., they cannot assert a claim against Angelo Monarca

individually, because he has insufficient contacts with the District of Columbia for this Court to exercise personal jurisdiction over him.

## No Jurisdiction Under Washington, D.C. Long Arm Statute

While subject matter jurisdiction in this case is founded on a federal question, establishing personal jurisdiction over the nonresident Defendant Angelo Monarca requires the application of the District of Columbia's long-arm statute because no federal long-arm statute applies. See Edmond v. U.S. Postal Serv. Gen. Counsel, 292 U.S. App. D.C. 240, 949 F.2d 415, 424 (D.C. Cir. 1991). The D.C. long-arm statute allows a court to exercise personal jurisdiction over a defendant whose actions with respect to the forum state result in a claim for relief. See generally D.C. Code Ann. § 13-423 (2008) (listing actions including transaction of business, contracting to supply services, causing injury inside the District of Columbia, etc.). Thus, in order for Defendant Angelo Monarca's actions to rise to a level permitting the D.C. District Court to exercise personal jurisdiction over him, he needs to have some connection with activity in the District of Columbia. Plaintiffs have failed to allege such a connection, and therefore, Plaintiffs fail to meet this prong of establishing personal jurisdiction over the Defendant Angelo Monarca.

## No Miminum Contacts with Washington, D.C.

"The court must then determine if the exercise of jurisdiction meets the "minimum contacts" requirement and thus satisfies constitutional due process." Id, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Does the Defendant have sufficient contact with the forum state such that asserting jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice" as articulated in the U.S. Supreme Court's decision in Burger King Corp v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

The Plaintiff's sole basis for claiming personal jurisdiction in the Complaint is that, by signing the Agreements on behalf of Angelo Monarca, Inc., and allegedly continuing to operate the business past its dissolution, Angelo Monarca individually should be held liable. However, as previously established, Angelo Monarca did not execute said Agreements on behalf of Angelo Monarca, Inc., and certainly did not execute them on his own behalf individually. He also did not continue to operate Angelo Monarca, Inc. past its dissolution. Again, with the facts alleged, the Plaintiff fails to establish sufficient contacts with Washington, D.C. for the Court to confer personal jurisdiction, and to do so would be offensive to constitutional due process.

8

## CONCLUSION

The Court lacks personal jurisdiction over the Defendants under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss the Plaintiff's Complaint without prejudice.

THE DEFENDANTS,
ANGELO MONARCA, INC. ET AL

Respectfully Submitted,

/S/ Juan Chardiet (DC Bar No. 399250)
Attorney at Law
6665-A Old Dominion Drive
McLean, VA 22101
Tel: 703-448-1770
Fax: 703-448-7780
Email: jchesq@erols.com

/S/ Michael E. Satti (Pending Admittance *Pro hac vice*)
Michael E. Satti, Attorney at Law, LLC
107 Wilcox Road, Suite 111
Connecticut 06378
Tel: 860-536-1018
Fax: 860-536-4094
Email: msatti@sattilaw.com

/S/ June L. Deptulski (Pending Admittance Pro hac vice)
Michael E. Satti, Attorney at Law, LLC
107 Wilcox Road/Suite 111
Stonington, Connecticut 06378
Tel: 860-536-1018
Fax: 860-536-4094
Email: jdeptulski@sattilaw.com

## Certificate of Service

I hereby certify that a true copy of the foregoing MEMORANDUM OF LAW was sent to counsel for Plaintiff, Ira R. Mitzner, DICKSTEIN SHAPIRO, LLP, 1825 Eye Street, NW, Washington, DC 20006 by first class mail, postage prepaid, on this 28th day of March, 2008.

/S/ Juan Chardiet (DC Bar No. 399250)
Juan Chardiet
Attorney at Law

EXHIBIT A

SECRETARY OF THE STATE
30 TRINITY STREET
P.O. BOX 150470
HARTFORD, CT   06115-0470

JULY 14,2000

1111 ARBUTUS STREET
MIDDLETOWN, CT 06457

RE: Acceptance of Business Filing

This letter is to confirm the acceptance of a filing for the following business:

ANGELO MONARCA, INC.

Work Order Number: 2000107814-001
Business Filing Number: 0002132291
Type of Request: CERTIFICATE OF DISSOLUTION
File Date/Time: JUL 14 2000   08:30 AM
Effective Date/Time: JUL 14 2000   08:30 AM
Work Order Payment Received: 55.00
ment Received: 25.00
Account Balance: 5.00
Customer Id: 644454
Business Id: 0002388

If applicable for this type of request, a summary of the business information we have on record is enclosed.

If you would like copies of this filing you must complete a Request for Corporate Copies and submit it with the appropriate fee.

SHERRI LEMIRE
Commercial Recording Division
860-509-6003

Pg. 1 of 2

EXHIBIT A

BUSINESS FILING REPORT

WORK ORDER NUMBER:2000107814-001
BUSINESS FILING NUMBER: 0002132291

BUSINESS NAME:

ANGELO MONARCA, INC.

BUSINESS LOCATION:


MAILING ADDRESS:

P O BOX 1150
MIDDLETOWN, CT 06457

** END OF REPORT **

Pg. 2 of 2

# Angelo Monarca Contracting, LLC

### MASON CONTRACTORS

---

### RESIDENTIAL & COMMERCIAL

March 29, 2003

International Trowel Trades
Fringe Benefit Funds
1776 Eye Street, Northwest
Washington, D.C. 20006

Re: Angelo Monarca Inc. Acct# 278392-0065-CT-2 –N-

Per our conversation last week, please inactivate this old account. The dues that have been paid for 2002 should be credited to Angelo Monarca Contracting, LLC account#2982600093CTI.

Angelo Monarca, Inc. has not been active since 1994 and has filed final tax returns thru 1995. This company was also legally dissolved in 2000 with the secretary of state. The delay in dissolving the company and filing the final tax returns was due to lack of funds available from the company and owners.

If you have any questions, please call me at 860-347-7663. Thank you.

Sincerely,

Julia Hasbrouck
Accounting

Cc: A. Monarca file

STATE OF CONNECTICUT

DEPARTMENT OF REVENUE SERVICES

A F F I D A V I T   F O R   C O R P O R A T I O N S

Tax Registration Number: 0850917-000

Fiscal Year Ended: 12/95

This is to certify that: Angelo Monarca, Inc.

, a corporation organized

under the laws of the State of CT. , and formerly

having its principal place of business at 1111 Arbutus St.

middletown, CT. has been inactive since Sept. 1994 ; and fur-

ther, that there are no assets of the corporation remaining with any

fair market value; that there are no funds available from which any

tax may be paid; that there has been no distribution of assets to

the stockholders of the corporation, and further; if the charter of

the corporation has not been forfeited, it is the desire of the

officers of this corporation to have the corporate existence of the

concern terminated by the Secretary of the State for failure to make

annual report or file Corporation Business Tax Returns for two con-

secutive years.

_____
(President or other Principal Officer)

Sworn to and subscribed before me this 13th day of

June 19 2000 .

_____
NOTARY PUBLIC

My Commission Exp. July 5, 2002

C & E 102        Revised 6/92
T4RT

Pg. 2 of 2

## ARTICLE XXII
## DURATION

This Agreement shall remain in full force and effective from April 1, 2002 or the day after expiration of the appropriate predecessor Agreement, whichever is later, through March 31, 2007 and shall renew itself annually thereafter unless either party shall have given written notice to the other party of its desire to terminate this Agreement and negotiate a successor Agreement at least sixty (60) days prior to March 31, 2007 or any March thereafter.

IN WITNESS WHEREOF, the parties hereto have set their hands and have caused this Agreement to be executed by their duly authorized Representative on this_____ day of _____

EMPLOYER:

_____
Signature

Angelo Marrara Contracting LLC
Company Name

1111 Arbutus St.
Street Address

Middletown CT. 06457
City          State    Zip

_____
Telephone

_____
Fax

(copy)

INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL 1 CT

_____
Gerald A. Marotti, President

_____
Vincent Convertito, Executive Vice-President,
Field Representative

Tile Finisher (Helper)

**A TRUE COPY ATTEST**
Michele VonEisengrein
Private Process Server

20

EXHIBIT D

## ARTICLE XXII
## TERM OF AGREEMENT

This Agreement shall remain in full force and effect from April 1, 2002, through March 31, 2006, and shall renew itself annually thereafter unless either party shall have given written notice to the other party of its desire to terminate this Agreement and negotiate a successor agreement at least sixty (60) days prior to March 31, 2006 or any March 31 thereafter.

AGC/CCIA BUILDING CONTRACTORS
LABOR DIVISION OF CONNECTICUT,
INC.

LOCAL 1, CONNECTICUT,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS, AFL-CIO

by _MB Morganbesser_

by _Gerald B. Ashford_

MASON CONTRACTORS ASSOCIATION OF CONNECTICUT

by _C Mitchell Son_

_Angelo Monaca Contracting LLC_
Company Name

_Angelo Monaca_  managing member
Signature and Title

_1111 Beb-Lus st._
Address (Number and Street)

_860 347-7663      860 347-1579_
Phone Number   •   Fax Number

_Middletown CT 06457_
City or Town        Zip

Date Signed_____

_June 14_

31

A TRUE COPY ATTEST
_MVEg_
Michele VonEisengrein
Private Process Server

# business inquiry

**BUSINESS DETAILS:**

| | | |
|---|---|---|
| **Business Name:** | **Business ID:** | **Business Address:** |
| ANGELO MONARCA CONTRACTING, LLC | 0596585 | 1111 ARBUTUS ST, MIDDLETOWN, CT, 06457 |
| **Mailing Address:** | **Citizenship/State Inc:** | **Last Report Year:** |
| 1111 ARBUTUS ST, MIDDLETOWN, CT, 06457 | Domestic/CT | 2007 |
| **Business Type:** | **Business Status:** | **Date Inc./Register:** |
| Domestic Limited Liability Company | Active | Jun 29, 1998 |

**PRINCIPALS:**

| | | |
|---|---|---|
| **Name/Title:** | **Business Address:** | **Residence Address:** |
| ANGELO MONARCA MANAGING MEMBER | 1111 ARBUTUS ST., MIDDLETOWN, CT, 06457 | 1111 ARBUTUS ST., MIDDLETOWN, CT, 06457 |

**BUSINESS SUMMARY:**

| | | |
|---|---|---|
| **Agent Name:** | **Agent Business Address:** | **Agent Residence Address:** |
| ANGELO MONARCA | 1111 ARBUTUS STREET, MIDDLETOWN, CT, 06457 | 1111 ARBUTUS STREET, MIDDLETOWN, CT, 06457 |

» **View Name History**         » **View Filing History**         » **View Shares**

Cancel