UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLYNN et al, :

    Plaintiffs, :

v. : Case No. 1:08-cv-00222-HHK

ANGELO MONARCA, INC. et al :

    Defendants. :

: May 5, 2008

**DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Angelo Monarca, Inc. d/b/a Angelo Monarca Contracting LLC and Angelo Monarca individually, defendants in the above-captioned proceeding, by and through their undersigned counsel and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submit the following brief response to the Plaintiff's Opposition to the Defendants' Motion to Dismiss. Since the facts in the instant case have been set forth in the Defendants' Motion to Dismiss, will not reiterate them herein. The purpose of this reply brief is to respond to certain factual and legal assertions contained in the Plaintiff's Opposition to Defendants' Motion to Dismiss (hereinafter "Opposition".).

**ARGUMENT**

**I.**     **The Allegations of the Funds' Complaint Are Not Sufficient to State a Claim Upon Which Relief May be Granted Against Angelo Monarca, Inc.**

## A. Evidence is Relevant at this Motion to Dismiss Stage

Although the Plaintiffs claim on page 3 and of their Opposition that they have no obligation to submit evidence and that the sole purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint, Plaintiffs have left out several critical points. First of all, in deciding a motion to dismiss, the court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir.1993). Furthermore, it is the Plaintiffs themselves who submitted evidence with their Complaint that directly contradicted the allegations set forth therein. See ¶9 of Plaintiffs' Complaint and Exhibits A and B attached thereto.[1] Fed. R. Civ. Proc. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based. Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991) However, a defendant may introduce certain pertinent documents if the plaintiff fails to do so. See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir.1991); Romani v. Shearson, 929 at 879 n. 3 (1st Cir.1991); see also 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 at 762-63

---

[1] The Plaintiffs allege that Angelo Monarca Inc. d/b/a Angelo Monarca Contracting LLC failed to make plan payments as agreed, and their evidence was apparently intended to stress the point that the Defendant, Angelo Monarca, signed agreements on behalf of Angelo Monarca Inc., when in fact the agreements were signed on behalf of Angelo Monarca Contracting LLC.

(2d ed.1990).. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied. See Pension v. White., 998 F.2d at 1196. Hence, the District Court in the Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993). Since the Plaintiffs themselves submitted evidence that actually contradicts the allegations made in their complaint, and made a bald legal allegation that Angelo Monarca Inc. was doing business as Angelo Monarca Contracting LLC because "Angelo Monarca continued the business of Angelo Monarca, Inc. beyond that necessary to wind up its affairs" without supporting documents that they refer to, Defendants appropriately submitted evidence further refuting Plaintiffs claims.

### B. The Plaintiffs' Allegations are Insufficient to State an ERISA Delinquent Contribution Claim Against Angelo Monarca, Inc.

The sole legal premise upon which the Plaintiffs rely to assert jurisdiction over Angelo Monarca, Inc. is a bald assertion that Angelo Monarca continued to "carry on the business of Angelo Monarca, Inc. beyond that necessary to wind up its affairs". However, while the pleading standard in federal court is a liberal one, bald assertions and conclusions of law will not suffice. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).[2] Such

---

[2] See also Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088, 1092 (2d Cir. 1995) (holding that conclusory allegations as to the legal status of defendants' acts need not be accepted as true for purposes of ruling on a motion to dismiss); see generally 2 Moore's Federal Practice § 12.34[1][b] (3d ed. 2001).

3

a bald assertion clearly alleges facts at the speculative level, at best. "To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007), quoting Bell Atl. Corp. v. Twombly, U.S., 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Plaintiffs have not alleged facts sufficient to rise above the speculative level.

## II. The Allegations of the Funds' Complaint Are Not Sufficient to Exercise Personal Jurisdiction Against Angelo Monarca, Individually

### A. Plaintiffs Claim They are not Seeking to Pierce the Corporate Veil to Hold Angelo Monarca Individually Liable, but the Court Lacks Jurisdiction Nonetheless.

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Ensign-Bickford Co. v. ICI Explosives USA, Inc., 817 F. Supp. 1018, 1026 (D.Conn. 1993) "To survive the motion, the plaintiff must make a 'prima facie showing' through affidavits or other evidence that the defendant's conduct was sufficient for the court to exercise personal jurisdiction." Id. Here again, the sole premise upon which the Plaintiffs rely to assert jurisdiction over Angelo Monarca, Inc. is a bald assertion in their Complaint that Angelo Monarca continued to "carry on the business of Angelo Monarca, Inc. beyond that necessary to wind up its affairs". The Plaintiffs made such an allegation unsupported by any actual affidavits or evidence, and actually submitted evidence that directly contradicts such an assertion. When Defendants had the opportunity to provide additional

evidence to refute such allegations with their Opposition, Plaintiffs did not provide any evidence whatsoever, and have therefore failed to make out a prima facie showing.

   B.   **Plaintiffs Claim Angelo Monarca is Subject to the Personal Jurisdiction of This Court Based Upon His Minimum Contacts with the United States as a Whole, However, that Claim is Contingent on Mr. Monarca's Status as an ERISA Defendant.**

Plaintiffs again have made a bald assertion that Angelo Monarca is an ERISA defendant, without having met their burden that he individually is an ERISA defendant. In fact, the very case Plaintiff cites to support this allegation, Flynn v. Ohio Building, 260 F.Supp.2d at 170, 173, is a case in which jurisdiction was found against a company, not an individual. Plaintiffs did not cite, and Defendants could not find, any cases supporting the position that the Court has jurisdiction over an individual merely by calling that individual an "ERISA defendant". The Defendants found cases holding that corporate officers can be found liable if the corporate veil is pierced or upon an alter ego theory, but that is not what the Plaintiffs are basing liability on.  Flynn et al v. Greg Anthony Construction Company, Inc. et al, 95 Fed. Appx. 726 (2003), Sasso v. Cervoni, 985 F.2d 49, 51 (2d Cir. 1993); Starrett Paving Corp., 845 F.2d 23, 27 /91st Cir. 1988). Defendants have also found at least one case that holds that "corporate officers cannot be held personally liable under ERISA where there is no basis for piercing the corporate veil". Rockney v. Pako Corp., 734 F. Supp. 373 (D. Minn. 1988)."

   C.   **Plaintiffs Claim Angelo Monarca is Subject to the Personal Jurisdiction of This Court Based Upon His Payment of Fringe Benefits to Employee Benefit Funds Administered in the District of Columbia, but he Made Such Payments as a Corporate Officer, not as an Individual.**

5

As noted above, Defendants have found no cases supporting Plaintiffs' position that it has met its burden merely by asserting that Angelo Monarca is the principal officer and controlling owner of Angelo Monarca, Inc. d/b/a Angelo Monarca Contracting LLC and by submitting contributions to plans administered in the District of Columbia, Mr. Monarca, individually became subject to the personal jurisdiction of the Court.

**D.  Should The Court Require Additional Evidence to Rule on Defendants' Motion to Dismiss, Defendants Respectfully Request the Parties be Permitted to Conduct Discovery on the Jurisdictional Issue**

Ordinarily a plaintiff need only establish a prima facie case that personal jurisdiction exists in order to survive a motion to dismiss. See Crane v. New York Zoological Soc'y, 894 F.2d 454, 458 (D.C. Cir. 1990). The Defendants maintain that the Plaintiffs have not made out a prima facie case. Should the Court not be convinced, Defendants respectfully request that discovery be permitted on the jurisdictional issue. "[W]here the parties are permitted to conduct discovery on the jurisdictional issue, a plaintiff must prove that personal jurisdiction exists by a preponderance of the evidence." Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).

**CONCLUSION**

The Defendants concede that "[T]he issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786

6

(D.Conn.1990) (citing Scheuer, 416 U.S. at 232). Plaintiffs actually provided evidence with its Complaint that directly contradicted their allegations, and furthermore have made bald legal assertions that are woefully lacking in factual content. As the federal court has held,"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Construing all facts alleged in the Complaint in the light most favorable to the Plaintiff, and taking into consideration the evidence proffered by the Plaintiffs as well as the Defendants, this Court lacks authority to confer jurisdiction over the Defendants. "Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted." See Hishon v. King & Spalding, 467 U.S. 69, 73, (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). Defendants are therefore entitled to have the case dismissed pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE,**

For all the foregoing reasons, and those set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss, the Defendants respectfully request the Court grant the Defendants' Motion to Dismiss.

DATED: May 5, 2008

Respectfully Submitted,

/S/ Juan Chardiet (DC Bar No. 399250)

Attorney at Law
6665-A Old Dominion Drive
McLean, VA 22101
Tel: 703-448-1770
Fax: 703-448-7780
Email: jchesq@erols.com

/S/ Michael E. Satti (Pending Admittance *Pro hac vice*)
USDC for the Dist. of CT Bar No. ct01311
Michael E. Satti, Attorney at Law, LLC
107 Wilcox Road, Suite 111
Connecticut 06378
Tel:  860-536-1018
Fax:  860-536-4094
Email: msatti@sattilaw.com

/S/ June L. Deptulski (Pending Admittance Pro hac vice)
USDC/Dist. of CT Bar No. ct24785
Michael E. Satti, Attorney at Law, LLC
107 Wilcox Road/Suite 111
Stonington, Connecticut 06378
Tel:  860-536-1018
Fax:  860-536-4094
Email: jdeptulski@sattilaw

## Certificate of Service

I hereby certify that a true copy of the foregoing RESPONSE TO PLAINTIFFS' OPPOSITION was sent to counsel for Plaintiff, Ira R. Mitzner, DICKSTEIN SHAPIRO, LLP, 1825 Eye Street, NW, Washington, DC 20006 by first class mail, postage prepaid, on this 5th day of May, 2008.

/S/ Juan Chardiet (DC Bar No. 399250)
Juan Chardiet
Attorney at Law